■ In the Matter of PERLBINDER HOLDINGS, LLC, Appellant, v MEENAKSHI SRINIVASAN et al., Respondents. [984 NYS2d 1]—

Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered March 27, 2013, denying the petition to annul a resolution of respondent Board of Standards and Appeals of the City of New York (BSA), dated June 19, 2012, which upheld a decision of the New York City Department of Buildings (DOB) that revoked petitioner's permits for an outdoor advertising sign, and to annul violations issued by DOB, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law and the facts, without costs, the petition granted to the extent of annulling BSA's resolution, and the matter remanded to BSA for further proceedings consistent herewith.

Petitioner contends that the revocation of the permits for a large advertising sign on its property was improper because petitioner constructed the sign in good-faith reliance on a 2008 determination of the Manhattan Borough Building Commissioner that the sign was a permissible replacement for a similar sign that was removed when a building on the property was demolished. In upholding the revocation of the permits, BSA concluded that it could not consider the issue of petitioner's good faith under its appellate jurisdiction. This was incorrect.

Under NY City Charter § 666 (6) (a), BSA is empowered to hear and decide appeals from DOB determinations. Section 666 (7) provides that in determining such appeals, BSA may "vary . . . any rule or regulation or the provisions of any law relating to the construction . . . of buildings or structures . . . where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of the law, so that the spirit of the law shall be observed, public safety secured and substantial justice done." In its resolution, BSA failed to appropriately address this charter provision, despite a request by petitioner. Indeed, to the extent that petitioner sought relief based on its good-faith reliance, petitioner's appeal before BSA was, in effect, a request for a variance. Thus, the matter must be remanded to BSA, in its appellate capacity, to determine whether petitioner is entitled to a variance applying the factors set forth in section 666 (7). Because the record was not fully developed as to these criteria, before either BSA or Supreme Court, BSA shall permit the parties to make further submissions.

The record establishes as a matter of law that petitioner relied

in good faith upon the 2008 determination. In deciding whether to grant a variance on remand, BSA must consider, along with the section 666 (7) factors, petitioner's good-faith reliance. In *Matter of Pantelidis v New York City Bd. of Stds. & Appeals* (43 AD3d 314 [1st Dept 2007], *affd* 10 NY3d 846 [2008]), we affirmed a decision of the Supreme Court (10 Misc 3d 1077[A], 2005 NY Slip Op 52249[U] [Sup Ct, NY County 2005]), which held that BSA was required to consider the petitioner's good-faith reliance on a later-rescinded permit when considering the petitioner's application for a variance, and our decision was upheld by the Court of Appeals. Here, as in *Pantelidis*, BSA is required to consider petitioner's good-faith reliance in adjudicating petitioner's appeal (*see also Matter of Jayne Estates v Raynor*, 22 NY2d 417, 423 [1968] [good-faith reliance on invalid permit should be considered in determining whether variance applicant has suffered unnecessary hardship]).

Petitioner's claim that no variance is required because the new sign was a permissible replacement for a previous sign on the property is without merit because the new sign is in a different location and position (*see* NY City Zoning Resolution § 52-83). In view of our conclusion that the matter must be remanded to BSA, any determination as to whether the DOB violations are enforceable is premature. Concur—Tom, J.P., Andrias, Saxe, Freedman and Richter, JJ.

---

The decision and order of this Court entered herein on October 29, 2013 (110 AD3d 611 [1st Dept 2013]) is hereby recalled and vacated (*see* 2014 NY Slip Op 63776[U] [2014] [decided simultaneously herewith]).